## THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

## SAMUEL McKAY.

RECOGNIZANCE *after indictment—may be taken by two justices.* A party, while in jail, was indicted for a bailable offense, and remained in jail. Afterward he was admitted to bail by two justices of the peace. This was proper. Under the 206th section of the Criminal Code, two justices may take the recognizance of a party as well after indictment as before, at least in a case like this, where the prisoner was not arrested by the sheriff upon a capias issued on the indictment.

WRIT OF ERROR to the Circuit Court of Putnam county; the Hon. S. L. RICHMOND, Judge, presiding.

This was a proceeding in the court below, by *scire facias* upon a recognizance. It appears that Charles Welsh and John McDonald were, in March, 1864, brought before two justices of the peace, in Putnam county, and examined upon a charge of having in their possession and passing counterfeit bank-bills. The result of the examination was, that the parties were required to give bail for their appearance in the Circuit Court, in default of which they were committed to jail. Afterward, at the March Term, 1864, of the Circuit Court, the parties still being in jail, an indictment was found against them upon the charge mentioned, and the court thereupon fixed their bail at $500 each. On the 25th of July following, the parties having remained in jail from their first commitment until that time, they were again brought before two justices of the peace in that county, and were admitted to bail, entering into a recognizance before the two justices in the required amount, with Samuel McKay and George Eaton as their securities. At the next term of the Circuit Court, the principal cognizors not appearing, a forfeiture of the recognizance was taken, and in pursuance thereof this proceeding by *scire facias* was commenced. Service was had upon the security, McKay, alone, who demurred to the *scire facias;* the demurrer was sustained,

and judgment in chief entered for the defendant. The cause is brought to this court by the people, upon writ of error.

The only question presented is, as to the power of the two justices to admit the parties to bail after they were indicted.

Mr. A. E. Stevenson, State's Attorney, for the people.

Messrs. Burns & Cummins, for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the Court:

This was a *sci. fa.* upon a recognizance taken before two justices of the peace. The prisoner was in jail at the time of his indictment. The bail was fixed by the court, and the prisoner, not being, we presume, then able to give it, remained in jail. He was not arrested by the sheriff upon a writ issued by the court, and of course that officer had no power to take bail. He was afterward admitted to bail by two justices, and it is now contended they had no such power. The 206th section of the Criminal Code, page 414 of Scates' Statutes, is as follows:

" Where any person shall be committed to jail on a criminal charge, for want of good and sufficient bail, except for treason, murder, or other offense punishable with death, or for not entering into a recognizance to appear and testify, any judge, or any two justices of the peace, may take such bail or recognizance in vacation, and may discharge such prisoner from his or her imprisonment. It shall be the duty of the judge or justice committing such person to jail to indorse on the warrant of commitment, in bailable cases, in what sum bail ought to be taken."

We are of opinion that this section was designed to apply to cases of this character, and thus save the trouble and expense of a *habeas corpus.* No reason drawn from public policy can be given why this section should not receive such a construction. After the amount of bail has been fixed by the court, two magistrates can certainly be intrusted with determining the

solvency of securities. Before indictment they perform all these functions, and after indictment we see no reason whatever why they should not receive the bail, at least in a case like the present, where the prisoner was not arrested by the sheriff upon a capias issued on the indictment.

*Reversed and remanded.*